UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

La'MONTAE J. WHITE,

    Petitioner,

    v.     CAUSE NO.: 3:18-CV-066-JD-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

La'Montae J. White, a prisoner without a lawyer, filed this habeas corpus petition challenging the disciplinary hearing (WCC 17-09-517) held on October 31, 2017, where a Disciplinary Hearing Officer (DHO) found him guilty of possession or use of a controlled substance in violation of Indiana Department of Correction (IDOC) Policy B-202. ECF 1 at 1 and ECF 9-3 at 1. He was sanctioned with the loss of 30 days of earned credit time. ECF 9 at 2 and ECF 9-3 at 1. The Warden filed a response, but White has not filed a traverse. The deadline for filing a traverse was extended on the court's own motion, but it expired on June 28, 2019. White was cautioned if he did not respond by the deadline, the court could rule on his habeas corpus petition without a traverse from him. Therefore the court will now rule on this habeas corpus petition.

In Ground One, White argues he was coerced into admitting guilt and signing a confession because he was told if he did not do so he would be taken to segregation. While such a promise might have persuaded him to confess, it was not a due process violation. *Cf. Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978) (explaining that plea

bargains are not due process violations as long as the accused is free to accept or reject the offer). Nevertheless, this confession does not appear to have any ultimate impact on his case. In the confession, White purportedly waived 24 hour notice of the charge before the hearing. ECF 9-3 at 5. Yet he received more than 24 hour notice. ECF 9-3 at 1. He purportedly waived the opportunity to have the case heard by an impartial hearing officer. ECF 9-3 at 5. Yet his case was heard by an impartial hearing officer. ECF 9-3 at 1. He purportedly waived the opportunity to call witnesses and present evidence. ECF 9-3 at 5. Yet he called witnesses and was given the opportunity to present evidence. ECF 9-2 at 1, ECF 9-3 at 1 and 6-7. He purportedly waived the right to a written statement by the hearing officer. ECF 9-3 at 5. Yet he received a written statement from the hearing officer. ECF 9-3 at 1. He purportedly waived the right to a lay representative. ECF 9-3 at 5. Yet he had a lay representative. ECF 9-2 at 2. He purportedly waived the right to an appeal. ECF 9-3 at 5. Yet he had an appeal. ECF 9-4 and 9-5. Most telling, the DHO indicated White pleaded not guilty and made no mention of a confession in his Disciplinary Hearing Report. ECF 9-3 at 1. As such, there is no basis for finding the confession was a due process violation or that it had any impact on the disciplinary hearing.

In Ground Two, White argues it took prison officials too long to hold his screening after the conduct report was written. In Ground Three, he argues it took prison officials too long to hold his hearing after he was screened. Here, the conduct report was written on September 22, 2017; White was screened on October 11, 2017; and the hearing was held on October 31, 2017. ECF 9-1 at 1, ECF 9-2 at 1, and ECF 9-3 at 1.

2

Though *Wolff v. McDonnell*, 418 U.S. 539 (1974), requires an inmate be given at least a 24 hour advance written notice of the factual basis of the charges against him, it does not set any maximum time limits. Here, White has provided no explanation for how he was prejudiced or denied due process because it took a little less than six weeks from the time the conduct report was written until he was found guilty at a hearing. As such, there is no basis for finding either Grounds Two or Three to be a basis for habeas corpus relief.

In Ground Four, White argues there was not sufficient evidence to have found him guilty of possessing a controlled substance because all he had was a cigarette and neither he nor it was tested to verify the presence of a controlled substance. By cigarette it appears White means a tobacco cigarette because he admits to having tobacco, but he denies having or using a controlled substance. However, tobacco is not the only type of cigarette and he was not charged with having tobacco. He was charged with having K-2. The conduct report stated:

> On September 22nd at approximately 19:45, I, Officer Cartagena was conducting a security round on 9 Dorm. I noticed 4 offenders in room South 1 room 6 so I pulled them out to pat them down. Afterwards I shook down the room. In the corner of the room I found an unknown controlled substance. After asking the offenders whos' stuff it was, offender Lamontae White admitted it belonged to him. The contraband was 2 open tea bags and a rolled up cigarette, both substances appear to be consistent with K-2. Also a rolled up (what appears to be taffy) hidden underneath a mattress.

ECF 9-1 at 1.

3

In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). Even a Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Such is the case here.

The reporting officer identified the substance as being consistent with K-2. As such, it was not arbitrary for the hearing officer to have found White guilty of having a controlled substance even though it was not tested. White did not ask to have the substance tested, but even if he had, the request could have been denied because "[p]rison administrators are not obligated to create favorable evidence or produce evidence they do not have." *Manley v. Butts*, 699 F. App'x 574, 576 (7th Cir. 2017).

For these reasons, the habeas corpus petition is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED on July 31, 2019

                                                  /s/ JON E. DEGUILIO
                                                  JUDGE
                                                  UNITED STATES DISTRICT COURT